UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Carlos Humberto JIMENEZ GARCIA,<br><br>       Petitioner,<br><br>   -against-<br><br>William JOYCE, in his official capacity as York Field Office Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security et al.,<br><br>       Respondents. | 26-CV-429 (AS)<br><br>OPINION AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

Carlos Humberto Jimenez Garcia is a citizen of Honduras who unlawfully entered the United States over 25 years ago. Jimenez (how he is referred to in the petition) filed for and received temporary protected status, but the government terminated that benefit in September 2025. Dkt. 8 ¶ 4. The next month, the government arrested and detained Jimenez due to his criminal history—three drunk driving convictions spanning 2016 to 2025. *Id.* ¶¶ 5–14. Jimenez conceded removability but moved for a review of his custody determination. *Id.* ¶¶ 17–18. An Immigration Judge (IJ) denied that motion based on a determination that Jimenez was ineligible for a bond hearing under *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). *Id.* ¶ 19.

On January 16, 2026, Jimenez filed a petition for a writ of habeas corpus, Dkt. 1, seeking release, or in the alternative a bond hearing under 8 U.S.C. § 1226(a). Later that day, the Court issued an order directing the government to respond to the petition, and to address the applicability of the Court's decision in *J.G.O. v. Francis*, 2025 WL 3040142 (S.D.N.Y. Oct. 28, 2025). Dkt. 4.

In its response, the government concedes that "the relevant facts of this case—as they concern ICE's statutory authority to detain Petitioner—are materially indistinguishable" from those in *J.G.O.* Dkt. 6 at 3. The Court stands by its holding in *J.G.O.* that 8 U.S.C. § 1226(a), not § 1225(b)(2)(A), governs where, as here, the petitioner is a noncitizen who is already in the United States, is in removal proceedings, has not committed any § 1226(c) offenses, and isn't presently seeking admission. *See J.G.O.*, 2025 WL 3040142 at *2–5. The upshot is that Jimenez's detention isn't mandatory, so the Immigration Judge incorrectly rejected Jimenez's motion for redetermination of bond on that basis. Dkt. 7-9 (relying on *Matter of Hurtado*, which this Court in *J.G.O.* rejected).

Next, there's the question of remedy. Jimenez requests that the Court grant the petition and require that the government release him immediately or, alternatively, require the government to provide him with a bond hearing under § 1226(a) within seven days. Dkt. 1 at 9. The government

says that if the Court stands by *J.G.O.* (it does), then the Court should "order a bond hearing as opposed to outright release" due to Jimenez's "history of drunk driving," which "poses a significant risk to public safety." Dkt. 6 at 4. The government acknowledges that various "courts in this District, including this Court, have ordered immediate release" after the statutory issue in *J.G.O.* has been resolved, but that "other[s] have ordered bond hearings, either as a general matter (*Sun* and *Perez*) or where a petitioner had a criminal record (*Moran*)." *Id.* (citing *Moran v. Joyce*, 2025 WL 3632895, at *4 (S.D.N.Y. Dec. 15, 2025); *Sun v. Almodovar*, 2025 WL 3241268, at *2–3 (S.D.N.Y. Nov. 20, 2025) (collecting cases); *Perez v. Francis*, 2025 WL 3110459, at *3, 4 (S.D.N.Y. Nov. 6, 2025)).

The Court agrees with the government that a bond hearing is the appropriate remedy under these circumstances. The government has provided evidence that it issued a warrant for Jimenez's arrest and detention because of his "three convictions related to drunk driving, including one as recent as last year," Dkt. 6 at 4. *See* Dkts. 7-1, 7-2. The declaration of Officer Timothy Nevin confirms that "ICE officers prioritized Petitioner's arrest due to his criminal history and potential risk to the public." Dkt. 8 ¶ 10. In reply, Jimenez doesn't address these allegations. Under the circumstances, release would be an inappropriate remedy. Consistent with the treatment of individuals arrested and held for detention based on the exercise of officers' judgment under § 1226(a), the proper remedy is an individualized hearing before an Immigration Judge, who can promptly address Jimenez's personal circumstances and any appropriate bond conditions that are proposed.

The government references this Court's decision in *Tall v. Joyce*, but that case involved different facts and doesn't counsel for broader relief. In *Tall*, which involved a petitioner previously on parole, the government "conceded that it neither adhered to any of the procedures required by regulation on a § 1226(a) detainment, nor exercised discretion to arrest and detain petitioner, because it acted under its (legally mistaken) view that petitioner's arrest and detention were mandatory under § 1225(b)(2)." *Tall v. Joyce*, 2025 WL 3718476, at *1 (S.D.N.Y. Dec. 23, 2025).[1]

Accordingly, the petition is GRANTED and the government is ordered to provide Jimenez with a bond hearing before an Immigration Judge, to be scheduled within seven days (subject to Jimenez's counsel's availability). If no bond hearing is held within that timeframe (and Jimenez has not consented to an extension), then Jimenez shall be released immediately. The hearing should be an individualized one, subject to the normal procedures applicable prior to the BIA's decision in *Matter of Hurtado*, and should consider Jimenez's personal circumstances, and any appropriate bond conditions that may mitigate any perceived risk of danger or flight.

The government should furnish this order to the Immigration Judge, and inform this Court of

---

[1] Similarly, in *Landaverde v. Genalo*, 2026 WL 83951 (S.D.N.Y. Jan. 12, 2026), the government conceded that the petitioner didn't receive the process due under § 1226(a) and, aside from a procedural argument that the Court rejected, offered no argument that a hearing—rather than release—was the more appropriate remedy.

the disposition of Jimenez's bond hearing one day after it occurs, with any audio recording or transcript to be furnished as soon as possible thereafter.

SO ORDERED.

Dated: January 30, 2026
      New York, New York

                                              ARUN SUBRAMANIAN
                                            United States District Judge